1  KEKER, VAN NEST & PETERS LLP
   R. JAMES SLAUGHTER - #192813
2  rslaughter@keker.com
   R. ADAM LAURIDSEN - # 243780
3  alauridsen@keker.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
5  Facsimile:     415 397 7188

6  Attorneys for Defendant ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THE BRANDR GROUP, LLC | Case No. 3:23-cv-**2994** |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF A CIVIL ACTION TO FEDERAL COURT** |
| v. | [Removed from San Mateo Superior Court, Case No. T23-309] |
| ELECTRONIC ARTS INC., and DOES 1 through 10, inclusive, | Date Filed:  June X, 2023 |
| Defendants. | **JURY TRIAL DEMANDED** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant ELECTRONIC ARTS INC., ("Defendant") hereby removes Case No. T23-309 from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California. Removal is authorized by 28 U.S.C. §§ 1332, 1441 and 1446.

## I.   STATEMENT OF THE CASE

1. On June 15, 2023, Plaintiff The BrandR Group, LLC ("Plaintiff") initiated this action in the Superior Court for the State of California for the County of San Mateo. Plaintiff's claims arise from its purported representation of college athletes through group licensing programs and those athletes' alleged involvement in Defendant's forthcoming college football videogame. Ex. A, June 15, 2023 Complaint (Compl.) at ¶¶ 1-2. Plaintiff's complaint ("Complaint") contains five causes of action: (1) tortious interference with contract, (2) violation of California Civil Code § 3344, (3) violation of right of publicity, (4) violation of California Business and Professions Code § 17200, *et seq.*, and (5) declaratory relief. All claims are brought against Defendant. Compl. at ¶¶ 125-79.

2. Defendant denies all liability but, on information and belief, alleges that the amount in controversy exceeds $75,000.

3. Plaintiff has not yet served the Complaint on Defendant.

## II.   PARTIES

4. Plaintiff alleges that it is a North Carolina limited liability company, having its principal place of business in Ponte Vedra Beach, Florida. Compl. ¶ 14.

5. Plaintiff alleges that Defendant is a Delaware corporation, having its principal place of business in Redwood City, California. Compl. ¶ 15. Accordingly, at all relevant times, Defendant has not been a citizen of Florida or North Carolina.

## III.   JURISDICTION

6. A defendant may remove to this Court any state-court civil action over which this Court has original subject matter jurisdiction. 28 U.S.C. § 1441(a).

7. This Court has original subject matter jurisdiction over actions between citizens of different States. 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1441(b)(2) does not bar an in-forum defendant from removing a diversity action to federal court if the in-forum defendant has not been "properly joined and served." *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020) (noting that this District "consistently" allows in-forum defendants to invoke diversity jurisdiction prior to service); *accord Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *see also Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (following the reasoning of *Gibbons* and *Encompass*).

### IV. VENUE, INTRA-DISTRICT ASSIGNMENT & RELATED CASES

8. This District encompasses the County of San Mateo, where Plaintiff originally filed his complaint in Superior Court. *See* 28 U.S.C. § 1446(a).

9. If the Court determines intra-district assignment is appropriate, the case should be assigned to the San Francisco Division because a substantial part of the alleged events or omissions contained in the Complaint occurred in the County of San Mateo.

10. There are no related cases currently pending in this District.

### V. PROCEDURAL REQUIREMENTS

11. Defendant files this Notice prior to receiving service of the Complaint. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1441(b)(2).

12. The Complaint purports to name "Doe defendants" in addition to Defendant. This Court disregards fictitious defendants when analyzing a removal petition. 28 U.S.C. § 1441(b)(1). No other defendant is named.

13. Defendant will serve this Notice on Plaintiff's counsel and on the Clerk of the Superior Court of the State of California for the County of San Mateo. *See* 28 U.S.C. § 1446(d). Additionally, Defendant files as Exhibit A to this Notice a true and correct copy of the Complaint.

### VI. JURY DEMAND

Defendant demands trial by jury on any issue so triable.

## VII. CONCLUSION

Defendant respectfully requests that this Court assume jurisdiction over this action. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any defenses or objections it may have to this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

Dated: June 20, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ R. Adam Lauridsen*
R. JAMES SLAUGHTER
R. ADAM LAURIDSEN

Attorneys for Defendant ELECTRONIC ARTS INC.