| | |
|---|---|
| Christopher D. Beatty (SBN 266466)<br>chris.beatty@katten.com<br>Ashley T. Brines (SBN 322988)<br>ashley.brines@katten.com<br>KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067<br>Telephone: 310.788.4400<br>Facsimile: 310.788.4471<br><br>Richard L. Farley (admitted *pro hac vice*)<br>Richard.farley@katten.com<br>Lindsey L. Smith (admitted *pro hac vice*)<br>lindsey.smith@katten.com<br>Kelsey R. Panizzolo (admitted *pro hac vice*)<br>Kelsey.panizzolo@katten.com<br>KATTEN MUCHIN ROSENMAN LLP<br>500 S. Tryon Street, Suite 2900<br>Charlotte, NC 28202-4213<br>Telephone: 704.344.3178<br><br>*Attorneys for Plaintiff The BrandR Group, LLC* | KEEKER, VAN NEST & PETERS LLP<br>R. James Slaughter (SBN 192813)<br>rslaughter@keker.com<br>R. Adam Lauridsen (SBN 243780)<br>alauridsen@keker.com<br>Candice Mai Khanh Nguyen (SNB 329881)<br>Cnguyen@keker.com<br>Luis G. Hoyos (SBN 313019)<br>lhoyos@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188<br><br>*Attorneys for Defendant Electronic Arts Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BRANDR GROUP, LLC<br><br>        Plaintiff,<br><br>   v.<br><br>ELECTRONIC ARTS INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 4:23-cv-02994-HSG<br><br>[Removed from San Mateo Superior Court, Case No. 23-CIV-02715]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Dept.:    Courtroom 2 – 4th Floor<br>Judge:   Honorable Haywood S. Gilliam, Jr.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff The BrandR Group ("Plaintiff" or "TBG") and Defendant Electronic Arts Inc. ("Defendant" or "EA") (collectively, the "Parties") hereby submit this Joint Case Management Statement pursuant to the Court's Order Denying Application For Temporary Restraining Order (Dkt. No. 23), Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California dated January 17, 2023, and Civil Local Rule 16-9, in advance of the Initial Case Management Conference scheduled for August 15, 2023.

1.  **Jurisdiction and Service**

Plaintiff filed its complaint in Superior Court of the State of California, County of San Mateo, on June 16, 2023, alleging five causes of action: (1) tortious interference with contract; (2) violation of California's statutory right of publicity, section 3344 of the California Civil Code; (3) violation of the common law right of publicity; (4) violation of California's Unfair Competition Law ("UCL"), section 17200 of the California Business and Professions Code; and (5) declaratory relief.  *See* Dkt. No 1. ("Compl.").

Defendant removed the lawsuit to this Court on June 20, 2023.  *Id.*  Two days later, BrandR filed an application for a temporary restraining order, Dkt. No. 7, which the Court denied, Dkt. No. 23 ("TRO Order").  Per the parties' agreement, Defendant responded to the Complaint by filing a Motion to Dismiss and a Motion to Stay Discovery on August 1, 2023.  Dkt. No. 28 ("Mot.").  The parties do not dispute personal jurisdiction and all parties have been served.

Plaintiff TBG's Position:

As pled in TBG's Complaint and as will be discussed in more detail in TBG's forthcoming opposition to EA's Motion to Dismiss and Motion to Stay Discovery, TBG's position is that the Court has subject matter jurisdiction over all of the claims alleged in the Complaint.  TBG disputes EA's arguments regarding the ripeness of its right of publicity claims, particularly in light of EA's direct communications to the media and TBG's Partner Schools.  TBG will timely respond to EA's claims in its opposition filing.

Defendant EA's Position:

EA agrees that the Court has subject matter jurisdiction over the claims in the complaint except for Plaintiff's right of publicity claims.  First, Plaintiff's right of publicity claims are unripe

because EA has not (1) entered into any contracts with student-athletes for use of their names, images, or likenesses ("NILs), or (2) released—let alone sold—a single copy of the video game at issue that uses student-athletes' NILs.  *See* Mot. at 12-13.  Second, Plaintiff does not have standing to bring right of publicity claims on behalf of student-athletes because, on information and belief, Plaintiff does not own exclusive rights to license the student-athletes' NILs.  *Id.* at 13-14.

**2.   Facts**

Plaintiff TBG's Position:

This matter involves the proposed use of collegiate student-athletes' name, image, and likeness ("NIL") in EA's planned *2024 EA Sports College Football* video game (the "Game").  Plaintiff TBG is a brand management, marketing, and licensing business, with a particular focus on collegiate group licensing rights.  By virtue of thousands of contracts TBG has with schools and their athletes, TBG owns exclusive group licensing rights with respect to a number of National Collegiate Athletic Association ("NCAA") football programs and players.  TBG's contracts define Group Licensing Programs as "those licensing or sponsorship programs in which a collegiate licensee or collegiate sponsor uses the Athlete Attributes [e.g. an athlete's name, image, likeness, voice, etc.] of three (3) or more current athletes from one sport or six (6) or more from multiple sports, either in combination with school trademarks and logos or separately as a group."

In its upcoming release of the Game, EA seeks to feature the logos, brands, and other intellectual property (collectively, "IP") of most NCAA football programs, as well as the NIL of the individual student-athletes who play for those programs.  Plaintiff TBG claims that EA's use in the Game of the IP of the schools for whom it has entered into exclusive group licensing contracts in combination with the NIL of at least three student-athletes from each respective school's football program directly implicates TBG's group licensing rights.  Accordingly, TBG claims that it is a violation of its agreements for EA to contract directly with any student-athlete for whom TBG owns the right to use or license their NIL in a group licensing program.

Before filing this action, TBG notified EA of its exclusive group licensing rights and informed EA of each school, and thereby each student-athlete, for whom TBG owns the exclusive group licensing rights for the use of those athletes' NIL in the Game.  EA disputes that the Game

implicates TBG's rights, and instead seeks to contract directly with individual student-athletes for the use of their NIL in the Game.  TBG contends that EA's actions are in direct violation of its rights.  Moreover, TBG believes that the reported compensation EA intends to pay to student-athletes for the use of their NIL in the Game is far below fair market value and far less than what participating student-athletes would earn if they had fair representation in the negotiations with EA for the use of their NIL.

TBG alleges that EA tortiously interfered and continues to interfere with its contractual rights, and that EA's actions violate the statutory and common law right of publicity, and constitutes unfair competition in violation of California law.  In bringing this action, TBG seeks permanent injunctive relief restraining EA from interfering with its contractual rights granted to it by its partner schools and the student-athletes it represents.

Consistent with the Standing Order for all Judges of the Northern District of California, TBG provides the foregoing brief chronology of the facts and statement of the principal factual issues in dispute.  TBG refers to its Complaint and the Affidavit of Wesley Haynes, originally filed in the Superior Court of the County of San Mateo, and the materials to be filed shortly in opposition to EA's Motion to Dismiss and Motion to Stay Discovery for a complete recitation of the material facts and legal issues in dispute.

Defendant EA's Position:

A more fulsome chronology of the case is laid out in the Court's Order Denying Plaintiff's Application for a TRO, as well as EA' opposition to the TRO and EA's Motion to Dismiss and Motion to Stay Discovery.  *See* Mot at 2-6.

In February 2021, EA announced that it would be releasing a new college football game—titled *EA Sports College Football*—and that it would license schools' IP for use in the game through the Collegiate Licensing Company ("CLC"), the schools' exclusive licensing agent. *Id.* at 2.  In June 2021, after the Supreme Court's decision in *National Collegiate Athletic Association v. Alston*, 141 S. Ct. 2141 (2021), EA also announced that it would explore the possibility of licensing student-athletes' NILs for use in the game.  *Id.* at 2–3.  When Plaintiff approached EA about a group license for student-athletes bundled with the licenses for the schools' IP, EA

informed Plaintiff that it was not pursuing a group licensing strategy for student-athletes' NILs, and instead had decided to seek individual licenses directly with each student-athlete and would separately license school IP though CLC.

Nevertheless, Plaintiff filed this case in June 2023 alleging that EA is interfered with its contractual relationships with certain schools and their student-athletes by soliciting the schools to license their IP[1] and the student-athletes to license their NILs for use in the upcoming relaunch of EA's college football video game.  Compl. ¶¶ 52-54, 59, 61.  Plaintiff also alleges that EA's individual licenses with student athletes and schools violate the student-athletes' right of publicity and California's Unfair Competition Law ("UCL"), section 17200 of the California Business and Professions Code.  *Id.* ¶¶ 125-79.

After EA removed the case to this Court, Dkt. No. 1, Plaintiff moved for a temporary restraining order, Dkt. No. 7, which the Court denied.  Dkt. No. 23.  Among other things, the Court found that Plaintiff's injuries were "monetarily compensable and otherwise speculative," and that Plaintiff had not established a likelihood of success on the merits because, "[c]onsidering the plain language of the sample agreements that Plaintiff provides, Plaintiff appears to overstate the scope of its rights and the reach of those agreements."  TRO Order at 5, 11.

EA now moves to dismiss with prejudice Plaintiff's claims for failure to state a claim and for lack of subject matter jurisdiction.  *See* Mot.  If the Court grants Plaintiff leave to amend, EA asks the Court to stay discovery until it determines that Plaintiff has pled a plausible cause of action.  *Id.* at 21-22.  EA's motion will be fully briefed on August 22 and is currently scheduled to be heard on October 19, 2023.

On August 2, 2023—the day after EA filed its Motion to Dismiss and Motion to Stay—BrandR served via mail its first set of requests for production (Nos. 1-27) and first set of interrogatories (Nos. 1-12).  Pursuant to Federal Rules of Civil Procedure 33, 34, and 6, EA's objections and responses are currently due on September 5, 2023

---

[1] The term "IP" includes the schools' trademarks, student logos, mascots, and other intellectual property.

**3.     Legal Issues**

<u>Plaintiff TBG's Position</u>

At this time, the principal legal issues in dispute include the following:

a) Whether and to what extent EA's conduct constitutes tortious interference with TBG's contracts with its Partner Schools and/or Client Athletes (as defined in the Complaint);

b) Whether TBG's contracts with its Partner Schools and Client Athletes grant TBG exclusive group licensing rights;

c) Whether and to what extent TBG can assert the right of publicity on behalf of its Client Athletes (as defined in the complaint) under California common law and/or California Civil Code § 3344; and if so, whether and to what extent EA's conduct violates TBG's right of publicity pursuant to the same;

d) Whether and to what extent EA's conduct constitutes unlawful, fraudulent, and/or unfair competition in violation of California Business and Professions Code § 17200, et seq. (the "Unfair Competition Law"); and

e) Whether and to what extent TBG is entitled to damages or injunctive relief.

<u>Defendant EA's Position:</u>

The disputed points of law include the following:

- Whether Plaintiff states a claim against EA for tortious interference with its agreements with student-athletes;
- Whether Plaintiff states a claim against EA for tortious interference with its agreements with schools;
- Whether Plaintiff's right of publicity claim pursuant to section 3344 of the California Civil Code is ripe for adjudication;
- Whether Plaintiff has standing to bring right of publicity claims on behalf of student-athletes even though it is not the exclusive licensee of those athletes' NILs;
- Whether Plaintiff states a claim against EA for violation of the student-athletes' right of publicity;
- Whether Plaintiff states a claim against EA under the UCL;

- Whether Plaintiff is entitled to a declaratory judgment;
- Whether Plaintiff is entitled to, and the amount of, any damages.

The parties reserve the right to modify or supplement this list as appropriate and as the case progresses.

**4.     Motions**

On June 22, 2023, TBG filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO Motion"). EA filed an Opposition to the TRO Motion on June 27, 2023. This Court denied the TRO Motion on June 30, 2023.

On August 1, 2023, EA filed a Motion to Dismiss and Motion to Stay Discovery. The motion will be fully briefed on August 22 and is scheduled to be heard on October 19, 2023

**5.     Amendment of Pleadings**

Plaintiff TBG's Position:

Plaintiff proposes December 15, 2024 as the deadline to amend claims or defenses, or add parties.

Defendant TBG's Position:

It is premature to determine a deadline to amend the pleadings because EA's pending motion to dismiss could result in the dismissal of the entire case. Alternatively, the Court should set the deadline for amending the complaint to sixty (60) days after an order denying EA's motion to dismiss.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The parties exchanged Initial Disclosures on August 8, 2023.

**8.     Discovery**

<u>TBG's Position:</u>

On August 2, 2023, TBG served its first set of Interrogatories and Requests for the Production of Documents on EA.  Pending before the Court is EA's Motion to Stay Discovery until the Court has ruled on its Motion to Dismiss or otherwise determined if TBG's claims will proceed if amended.

As will be more fully set forth in its Opposition to EA's Motion to Stay Discovery, TBG strongly opposes any order staying discovery and disputes that good cause exists to stay discovery in this instance.  The Federal Rules of Civil Procedure do not provide for automatic stays when a potentially dispositive motion is pending, and "such a notion is directly at odds with the need for expeditious resolution of litigation." *See In re Nexus 6p Products Liability Litigation*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). Instead, staying discovery is at the Court's discretion, but only upon a showing of good cause. *See Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("A party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should be denied.").

Here, as will be set forth in more detail in TBG's Opposition to Motion to Stay, EA can make no such showing, and it is vital that TBG is able to litigate and seek final resolution of its claims expeditiously. TBG has thousands of contracts with student-athletes whose NIL EA intends to use in the Game.  EA seeks to deprive the student-athletes of their desired representation in negotiations for the use of their NIL in the Game, and it is critical to preserving the interests of TBG and the student-athletes TBG represents that this case not be delayed.  EA reportedly plans to release its Game in fall of 2024.  If discovery is stayed until such time as EA's Motion to Dismiss is heard or the pleadings are closed, this will delay the trial of this case until at least the fall of 2024, after the release of EA's Game and outside of this Court's desired 12-month timeline for case resolution. TBG's initial Interrogatories and Requests for the Production of Documents to EA are narrowly tailored and limited in scope.  While EA will not be unduly burdened by providing timely responses to these requests, staying discovery in this instance will prejudice the rights of TBG and the student-athletes it represents.  Accordingly, EA cannot show good cause for delaying discovery in this

instance, and discovery should proceed in accordance with Rules 26, 33, and 34 of the Rules of Federal Procedure, and the Standing Order for Civil Cases before District Judge Haywood S. Gilliam, Jr.

Defendant EA's Position:

On August 2, 2023—the day after EA filed its Motion to Dismiss and Motion to Stay—BrandR served via mail its first set of requests for production (Nos. 1-27) and first set of interrogatories (Nos. 1-12). Pursuant to Federal Rules of Civil Procedure 33 and 6, EA's objections and responses are currently due on September 5, 2023.

As set forth in EA's Motion to Stay Discovery, Mot. at 21-22, discovery should be stayed until the Court determines that Plaintiff has pled a plausible cause of action. The Court has wide latitude and authority to stay discovery, including the authority to stay discovery while a motion to dismiss is pending. *See Crowder v. LinkedIn Corp.*, No. 22-cv-00237-HSG, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023) (citing Fed. R. P. 26(c)). Indeed, as described in detail in EA's motion, both prongs of the test for staying discovery pending a dispositive motion are met. First, EA's motion to dismiss asks the Court to dismiss the entirety of Plaintiff's case. Second, the Court does not need discovery to determine that Plaintiff's potential individual licenses with student-athletes and separate licenses with schools do not violate the terms of BrandR's agreements. Indeed, the Court has already determined that Plaintiff is not likely to succeed on the merits because it appears to overstate the scope of its rights under its agreements with schools and student-athletes. *See* TRO Order at 11.

Moreover, staying discovery is critical because this case will require extensive third-party discovery. As Plaintiff concedes, it "has thousands of contracts with student-athletes," not to mention agreements with 65 schools. In fact, Plaintiff's Rule 26 initial disclosures identified "employees and representatives" of each of its partner schools and attached a spreadsheet with the names of nearly 4,000 student-athletes with relevant information, not to mention an unspecified number of "employees and representatives" from third parties Learfield, CLC, and OneTeam Partners. EA is entitled to seek discovery related to each of these third parties, which will be incredibly time-consuming and expensive for all parties involved. To prevent all parties (especially

third parties) from wasting valuable time and resources pursuing potentially unnecessary discovery, the Court should stay all discovery until it is clear this case will be moving forward.

Finally, this case does not present any particular urgency that would require completing discovery or trial before a date certain. As the Court already concluded in its TRO Order, Plaintiff's alleged injuries are monetarily compensable, so neither Plaintiff nor the student-athletes it falsely purports to represent will suffer irreparable harm if this case does not get resolved before EA releases the Game next summer or fall. *See* TRO Order at 5. In other words, monetary damages will be available even after the game is released.

### 9. Class Actions

This is not a class action lawsuit.

### 10. Related Cases

There are no related cases filed in any court at this time.

### 11. Relief

Plaintiff TBG's Position:

Plaintiff seeks permanent injunctive relief and damages for EA's alleged interference with its contractual rights, violation of TBG's right(s) of publicity, and damages caused by EA's unfair competition. Because TBG's damages are difficult to determine and discovery has not yet begun, TBG is unable to compute damages at this time. TBG further seeks a declaration of its rights under the pertinent contracts and recovery of punitive damages and its attorneys' fees.

Defendant EA's Position:

EA does not believe Plaintiff is entitled to any relief.

### 12. Settlement and ADR

Plaintiff TBG's Position:

Before filing its complaint, TBG and EA exchanged written communications through counsel relating to TBG's claimed rights and EA's plan to use student-athletes' NIL in the Game. Since TBG filed its complaint, the parties have not engaged in discussions concerning the possibility of settlement. TBG is amenable to ADR with a private mediator, and has proposed that such mediation take place no later than May 1, 2024, as indicated in paragraph 17, below.

Defendant EA's Position:

EA agrees to private ADR in accordance with ADR L.R. 3-4(b) and proposes that the deadline for the completion of private ADR be set for 60 days from the date of the close of expert discovery, should any portion of the case survive the pending motion to dismiss.

**13.     Consent to Magistrate Judge for All Purposes**

The parties do not consent to a magistrate judge for all purposes.

**14.     Other References**

The parties agree that this matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

It is too early to determine whether the issues in this case can be narrowed through agreement, motion, or bifurcation.

**16.     Expedited Trial Procedure**

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

**17.     Scheduling**

Plaintiff TBG's Position:

Plaintiff respectfully proposes the following dates for scheduling in this case:

| Event | Proposed Deadline |
| --- | --- |
| Completion of Initial ADR Session | May 1, 2024 |
| Close of Fact Discovery | February 16, 2024 |
| Expert Disclosures | March 15, 2024 |
| Rebuttal Expert Disclosures | March 30, 2024 |
| Close of Expert Discovery | April 15, 2024 |
| Hearing of Dispositive Motions | May 13, 2024 |
| Pre-trial Conference | June 17, 2024 |
| Trial | July 8, 2024 |

158464302

Defendant EA's Position:

Because EA's pending motion to dismiss may result in the dismissal of the entire case, it is premature to set a schedule at this time. Rather, EA suggests that the Court order the parties to meet and confer regarding a proposed case schedule after the Court resolves the pending motion to dismiss and any portion of the case remains.

Alternatively, the Court should set a schedule that is queued from the date it becomes clear that any claims will proceed, as follows.

| Event | Proposed Deadline |
|---|---|
| Close of Fact Discovery | 8 months from order denying motion to dismiss complaint or amended complaint. |
| Expert Disclosures | 30 days after close of fact discovery |
| Rebuttal Expert Disclosures | 30 days after initial expert disclosures |
| Close of Expert Discovery | 21 days after rebuttal expert disclosures |
| Completion of Initial ADR Session | 60 days after close of expert discovery |
| Hearing of Dispositive Motions | 60 days after close of expert discovery |
| Pre-trial Conference | 90 days after order on dispositive motions |
| Trial | 14 days after pre-trial conference |

**18.   Trial**

The parties request a single jury trial on all issues to which a party is entitled to a jury.

Plaintiff TBG's Position:

Plaintiff anticipates trial of this case will take 5 days.

Defendant EA's Position:

EA is currently unable to speculate as to what the scope of the case will be after the pending motion to dismiss is resolved, and therefore cannot provide a reasonable estimate for the duration of trial.

**19.   Disclosure of Non-party Interested Entities or Persons**

Each party has filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.

TBG's Disclosure: As previously disclosed:

a. TBG is a privately held company.

b. No publicly held company owns 10% or more of TBG stock.

c. The members of TBG are One Team Partners, LLC, a Delaware limited liability company with its principal place of business in New York. ("OneTeam"), and TBG IP Agency Holding Company, LLC, a North Carolina limited liability company with its principal place of business in Florida ("Holdco").

d. The members of Holdco are Wesley Haynes, domiciled in Florida; JC Faulkner, domiciled in North Carolina; Randy Haynes, domiciled in Alabama; Hunter Haynes, domiciled in Florida; Jon Podany, domiciled in New Jersey and/or Florida; Lee Bushkell, domiciled in Florida; Malaika Underwood, domiciled in Florida; Len Stachitas, domiciled in Florida; and Riley Haynes, domiciled in North Carolina.

EA's Disclosure: EA is a publicly traded entity and has no parent corporation or publicly held corporation owning 10% or more of its stock.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other**

i. *E-mail Service*

As of the date of this statement, the parties consent to service by electronic means as set forth in FRCP 5(b)(2)(e), including service by e-mail and via other widely used electronic file transfer services.  Service by e-mail will be treated as service by hand delivery.  The parties agree that service by e-mail by 7:00 P.M. Pacific Time on a given day will be treated as service by personal delivery that day.  Notwithstanding the foregoing, the parties further agree that documents filed publicly through the Court's ECF system need not be separately served by e-mail, that ECF

filing constitutes personal service as of the date and time such document was filed, that documents filed under seal or manually must be served by e-mail within 3 hours of a related ECF filing, and that the e-mail service of such documents shall relate back to the time of the related ECF filing.

ii. *Electronic Mail and Communications*

The parties acknowledge the burden of discovery involving emails and other forms of electronic communication and agree to (a) abide by the Northern District of California's E-Discovery Guidelines, and (b) meet and confer regarding any proposed modifications to the Court's Model Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation ("Model ESI Stipulation").

Respectfully Submitted by,

DATED: August 8, 2023                KATTEN MUCHIN ROSENMAN LLP


By /s/ *Lindsey L. Smith*
Lindsey L. Smith
Attorneys for Plaintiff
*The BrandR Group, LLC*


DATED: August 8, 2023                KEKER, VAN NEST & PETERS LLP


By /s/ *R. James Slaughter* (with permission)
R. James Slaughter
Attorneys for Defendant
*Electronic Arts, Inc.*

The filer of this document, Lindsey L. Smith, attests that the concurrence in the filing of the document has been obtained from counsel for Defendant Electronic Arts Inc., pursuant to L.R. 5-1(h)(3).

DATED: August 8, 2023                By: /s/ *Lindsey L. Smith*
                                     Lindsey L Smith

**CERTIFICATE OF SERVICE**

I, Lindsey Smith, hereby certify that on August 8, 2023, the foregoing document was filed and served electronically, using the CM/ECF system, on all parties registered to receive notices.

By: */s/ Lindsey L. Smith*
Lindsey L. Smith