KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - #192813
rslaughter@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
CANDICE MAI KHANH NGUYEN - # 329881
cnguyen@keker.com
LUIS G. HOYOS - # 313019
lhoyos@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE BRANDR GROUP, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>ELECTRONIC ARTS INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 4:23-cv-02994-HSG<br><br>[Removed from San Mateo Superior Court, Case No. 23-CIV-02715]<br><br>**REPLY IN SUPPORT OF DEFENDANT ELECTRONIC ARTS INC.'S MOTION TO STAY DISCOVERY**<br><br>Date:     October 19, 2023<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 2 – 4th Floor<br>Judge:   Honorable Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

In an apparent attempt to frustrate EA's motion to stay discovery, BrandR filed an amended complaint alleging the *same* facts, attaching the *same* contracts, and asserting the *same* causes of action (plus an inapplicable and meritless interference with prospective advantage claim). *See* Dkt. No. 31 ("Am. Compl."). But because BrandR's amendments are futile, the amended complaint similarly fails to state a claim, which means that a stay remains appropriate. If anything, a stay of discovery is even more appropriate now that BrandR has attempted to amend its complaint and failed to state a viable claim.

EA is filing a renewed motion to dismiss along with this reply in support of its motion to stay so that the Court can consider both motions concurrently. *See* Renewed Mot. to Dismiss (Dkt. No. pending). As EA's renewed motion to dismiss explains, the Court should dismiss BrandR's amended complaint in its entirety and with prejudice because it fails to state a claim despite BrandR's amendments. If, however, the Court grants BrandR leave to file a *second* amended complaint, then the Court should stay discovery "until it is clear if any claims will proceed based on [EA's] amendments." *Crowder v. LinkedIn Corp.*, No. 22-cv-00237-HSG, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023).

## II. ARGUMENT[1]

Under the relevant test in this district, discovery should be stayed pending a decision on EA's dispositive motion. Courts in this district apply a two-factor test to determine whether a stay of discovery is appropriate. *See In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). *First*, the moving party must demonstrate that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* *Second*, "the court must determine whether the pending motion can be decided absent discovery." *Id.* "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Ministerio Roca Solida v. U.S.*

---

[1] EA hereby incorporates by reference the "Background" section of its renewed motion to dismiss the amended complaint. *See* Renewed Mot. to Dismiss, Section II.

*Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).  BrandR's opposition to EA's motion to stay misstates the applicable legal standard by urging the Court to evaluate the "balance of the equities."  *See* Dkt. No. 32 ("Opp'n") at 10.  Regardless, EA's requested stay meets both factors of the applicable test and results in the more equitable outcome.

### A.   EA's motion to dismiss will dispose of the entire case.

BrandR did not dispute in its opposition that EA's original motion to dismiss, if granted, would have disposed of BrandR's entire case.  Opp'n at 9.  Instead, BrandR argued only that its amended complaint rendered moot EA's motion to dismiss.  *Id.*  But EA has since filed a renewed motion to dismiss the amended complaint that will also dispose of BrandR's entire case.  *See* Renewed Mot. to Dismiss.  Therefore, the first factor for staying discovery pending a dispositive motion is met.

### B.   EA's motion to can be decided absent discovery.

The second factor is also met because the Court does not need discovery to determine that EA's potential individual licenses with student-athletes and separate licenses with schools do not violate the terms of BrandR's agreements.  *See* Renewed Mot. to Dismiss, Sections III.A. to III.F.  To protect defendants from undue burden and expense, this Court has stayed discovery under similar circumstances, *i.e.*, when attacks on the complaint will likely result in a total dismissal and amendment is likely to be futile.  *See e.g.*, *Crowder*, 2023 WL 2405335, at *7-8 ("[G]iven the outcome of the motion to dismiss, the most prudent course now is to wait until it is clear if any claims will proceed based on Plaintiffs' amendments."); *Cal. Crane Sch., Inc. v. Google LLC*, No. 21-cv-10001-HSG, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) ("[F]orcing Defendants to spend time and resources on the kind of discovery that Plaintiff seeks . . . before the Court has an opportunity to assess whether Plaintiff has pled any plausible claims against them may subject Defendants to undue burden and expense."); *Yamasaki v. Zicam LLC*, No. 21-cv-02596-HSG, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) ("The Court finds that Defendant's motion to dismiss could be potentially dispositive.  Staying discovery could therefore prevent the investment of unnecessary time and expense.").

Here, it makes even more sense to stay discovery because the Court has already

1  determined that BrandR is not likely to succeed on the merits given that it overstates the scope of
2  its rights under its agreements with schools and student-athletes. *See* Dkt. No. 23 ("TRO Order")
3  at 11. BrandR tries to fix this problem by arguing that its amended complaint "clarifies
4  [BrandR's] binding agreements and the exclusive Group Licensing Rights granted therein."
5  Opp'n at 10. Not so. To determine that BrandR's lawsuit is meritless, the Court relies only on
6  the terms of the agreements attached to the amended complaint (which are the *same* agreements
7  attached to the original complaint and adjudicated on the temporary restraining order), not
8  BrandR's attorneys' argument. *AIU Ins. Co. v. FMC Corp.*, 51 Cal. 3d 807, 822 (1995)
9  ("[Mutual] intent is to be inferred, if possible, solely from the written provisions of the
10 contract."); *Segal v. Silberstein*, 156 Cal. App. 4th 627, 633 (2007) (holding that "clear and
11 explicit" language of the contract controls as a matter of law). None of the irrelevant allegations
12 that BrandR added to the amended complaint can change or override the plain language of the
13 agreements, which control. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658,
14 664 n.11 (9th Cir. 1998) ("[U]nfounded attempts at re-drafting contracts can and should be
15 dismissed at an early stage"); *Vigdor v. Super Lucky Casino, Inc.*, 2017 WL 2720218, at *3 n.2
16 (N.D. Cal. June 23, 2017) ("Plaintiffs cannot, as a matter of law, pursue a theory that the
17 valuation cap should be $4 million if the company fails to meet just one of the two benchmarks,
18 because that theory directly contradicts the unambiguous language of the CPN."); *Farhat v. Wells*
19 *Fargo Bank, N.A.,* 2018 WL 5733657, at *2 (N.D. Cal. Oct. 30, 2018) (dismissing contract claim
20 as not cognizable because contract provision was "unambiguous"); *Palomino v. Facebook, Inc.*,
21 2017 WL 76901, at *5 (N.D. Cal. Jan. 9, 2017) ("Any amendment would be futile given the
22 Court's resolution of this question of law, and thus the complaint is dismissed with prejudice."
23 (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.) *amended*, 856 F.2d 111 (9th Cir. 1988))).
24      BrandR also spills a lot of ink arguing that the "balance of the equities" favors proceeding
25 with discovery. If anything, the opposite is true. Staying discovery is critical because this case
26 will require extensive third-party discovery. As BrandR concedes, it has agreements with "dozens
27 of FCS and FBS colleges and universities and thousands of football players for these schools."
28 Opp'n at 2 (citing Am. Compl. ¶ 8). In fact, BrandR's Rule 26 initial disclosures identified

"employees and representatives" of each of its 65 partner schools and attached a spreadsheet with the names of nearly 4,000 student-athletes with relevant information, not to mention an unspecified number of "employees and representatives" from third parties Learfield, the Collegiate Licensing Company ("CLC"), and OneTeam Partners, LLC.  *See* Decl. of Luis G. Hoyos in Supp. of EA's Reply, ¶¶ 2-3.  EA is entitled to seek discovery related to these third parties, which will be time-consuming and expensive for all parties involved.  To prevent all parties (especially third parties) from wasting valuable time and resources pursuing potentially unnecessary discovery, the Court should stay all discovery until it is clear this case will be moving past the pleadings stage.

Finally, this case does not present any particular urgency that would require completing discovery or trial before a date certain.  In its opposition, BrandR repeats many of the urgency arguments the Court already rejected in its TRO Order, including that its business "depends on its ability to enforce its contracts."  Opp'n at 10.  As the Court already concluded in its TRO Order, BrandR's alleged injuries are monetarily compensable, so neither BrandR nor the student-athletes it falsely purports to represent will suffer irreparable harm if this case does not get resolved before EA releases the Game next year.  *See* TRO Order at 5.  In other words, monetary damages will be available even after the game is released.  There is no good reason to allow BrandR to proceed with forcing EA to engage in expensive and time-consuming discovery under a false sense of urgency.

## III.  CONCLUSION

For the reasons stated in EA's renewed motion to dismiss, the Court should dismiss with prejudice BrandR's amended complaint.  If the Court decides to give EA leave to amend its complaint a second time, then the Court should stay discovery until it determines that BrandR has pled a plausible cause of action.

| | | |
|---|---|---|
| Dated: August 22, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ R. James Slaughter |
| | | R. JAMES SLAUGHTER |
| | | R. ADAM LAURIDSEN |
| | | CANDICE MAI KHANH NGUYEN |
| | | LUIS G. HOYOS |
| | | Attorneys for Defendant |
| | | ELECTRONIC ARTS INC. |